UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CODY NAGEL,<br><br>    Petitioner,<br><br>        v.<br><br>WARDEN,<br><br>    Respondent. | CAUSE NO. 3:25-CV-488-TLS-JEM |

**OPINION AND ORDER**

Cody Nagel, a prisoner without a lawyer, filed a habeas petition challenging a disciplinary decision (IYC-24-10-3643) at the Plainfield Correctional Facility in which he pled guilty to unauthorized possession of property under Indiana Department of Correction Offense 215. As a result, he was sanctioned with a loss of thirty days earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Nagel alleges that the hearing officer imposed the loss of earned credit time and demotion in credit class sanctions after the hearing officer had already imposed other sanctions. Nagel asserts that imposing sanctions on him twice for the same disciplinary offense violates his constitutional right against double jeopardy. As an initial matter, the petition is unsigned, and Nagel has not resolved his filing fee status. However, even if Nagel cured these preliminary deficiencies, his claim would fail on the merits.

Significantly, the disciplinary records attached as exhibits to the petition indicate that the disciplinary staff sanctioned Nagel only a single time. According to the hearing report, the hearing was held on October 21, 2024. ECF 2-1 at 1–2. The hearing report indicates in typed

writing that the sanctions included the loss of earned credit time and demotion in credit class, though these sanctions were listed in the Comment section rather than in the Grievous Loss section. *Id.* at 1. The hearing report further indicates that Nagel signed the hearing report on the date of the hearing to verify that he had "been made aware of the disposition" of the disciplinary case. *Id.* at 2. Consequently, the hearing report demonstrates that, on the hearing date, the hearing officer imposed all sanctions, including the loss of earned credit time and a demotion in credit class, and also expressly informed Nagel of these sanctions. Additionally, even if sanctions were imposed twice, "double jeopardy protections do not attach in prison disciplinary proceedings." *Portee v. Vannatta*, 105 F. App'x 855, 858 (7th Cir. 2004); *see Decker v. Bell*, 772 F. App'x 339, 341 (7th Cir. 2019); *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Therefore, this claim is not a basis for habeas relief.

If Nagel wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court of Cook Cnty.*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Cody Nagel leave to proceed in forma pauperis on appeal.

SO ORDERED on June 20, 2025.

                s/ Theresa L. Springmann
                JUDGE THERESA L. SPRINGMANN
                UNITED STATES DISTRICT COURT